557 S.E.2d 272

**Steven L. STORY, Guardian of the Estate of Thomas Wiles, a Minor, Plaintiff Below, Appellant,**

v.

**Eleanor A. WORDEN, an Individual; the Twentieth Street Bank, Inc., in Its Capacity as Power of Attorney for Eleanor A. Worden; Harold Thompson, an Individual; and Loretta Allen, an Individual, Defendants Below, Appellees.**

No. 29773.

Supreme Court of Appeals of West Virginia.

Submitted Nov. 7, 2001.

Decided Nov. 28, 2001.

---

John K. Fitch, Columbus, OH, Brett J. Preston, Hendrickson & Long, Charleston, West Virginia, Attorneys for Appellant.

D.C. Offutt, Jr., Sonja L. Carpenter, Holly G. Light, Offutt, Fisher & Nord, Huntington, West Virginia, Attorneys for Appellees.

PER CURIAM:

Steven L. Story, Guardian of the Estate of Thomas Wiles, a minor, appellant/plaintiff below (hereinafter "Story"), appeals the circuit court's judgment order. The Circuit Court of Cabell County granted summary judgment in favor of the Estate of Eleanor A. Worden, The Twentieth Street Bank, Harold Thompson, and Loretta Allen, appellees/defendants below.[1] In this appeal, Story contends that

---

1. No brief was filed on behalf of Thompson and Allen, who were nominal parties in the case.

genuine issues of material fact were in dispute and therefore summary judgment should not have been granted. Based upon the parties' arguments on appeal, the record designated for appellate review, and the pertinent authorities, we reverse the summary judgment decision of the Circuit Court of Cabell County.

## I.

### FACTUAL AND PROCEDURAL HISTORY

This case centers around a house that was owned by Eleanor A. Worden, now deceased,[2] and managed by the Twentieth Street Bank (hereinafter "Twentieth Street").[3] The house was located in Huntington, West Virginia. Twentieth Street, as agent for Ms. Worden, had the responsibility of renting and maintaining repairs for the house. In December of 1994, Twentieth Street rented the house to Ms. Loretta Allen. Under the rental agreement, "Ms. Allen was responsible for the utility payments and Twentieth Street was responsible for maintenance of the property."

Shortly after Ms. Allen rented the property, her adult son, Harold Thompson, moved in with her. Thomas Wiles (hereinafter "Thomas") is the son of the woman Mr. Thompson was dating at the time of the events underlying this suit. During the summer of 1995, Thomas, his mother and his sibling lived with Mr. Thompson at Ms. Allen's house. On June 25, 1995, Thomas attempted to open a glass storm door at the front of the house by pushing on it with his hands.[4] Thomas' hands went through the glass door. He sustained serious injuries.

In May of 1997, Story filed the instant lawsuit against Twentieth Street alleging negligence in failing to maintain the house in a reasonably safe condition.[5] In August of 1998, after a period of discovery, Twentieth Street moved for summary judgment. On May 5, 1999, the circuit court granted summary judgment to Twentieth Street on the grounds that the Bank breached no duty to Story as a licensee on the premises. Story appealed the summary judgment ruling to this Court. On November 18, 1999, this Court entered an order accepting the petition for appeal and summarily remanding the case to the circuit court for reconsideration in light of the Court's decision in *Mallet v. Pickens*, 206 W.Va. 145, 522 S.E.2d 436 (1999) (abolishing the distinction between the common law duties owed by landowners to licensees and invitees).

After the case was remanded, Twentieth Street again moved for summary judgment. The circuit court again granted Twentieth Street's motion. It is from this summary judgment decision that Story now appeals.

## II.

### STANDARD OF REVIEW

■ We established the traditional standard for granting summary judgment in syllabus point 3 of *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963), where we held:

A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.

We have also indicated that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Finally, in syllabus point 3 of *Fayette County National Bank v. Lilly*, 199 W.Va. 349, 484 S.E.2d 232 (1997), we held that:

Although our standard of review for summary judgment remains de novo, a circuit court's order granting summary

---

**2.** Ms. Worden died during the pendency of the litigation.

**3.** In 1991, Twentieth Street Bank was given general power of attorney for Ms. Worden. In 1994, Twentieth Street entered into an investment agency agreement with Ms. Worden. The agree-

ment made Twentieth Street responsible for Ms. Worden's property and estate.

**4.** Thomas was five years old at the time.

**5.** A subsequent amended complaint was filed in December of 1997.

judgment must set out factual findings sufficient to permit meaningful appellate review. Findings of fact, by necessity, include those facts which the circuit court finds relevant, determinative of the issues and undisputed.

With these principles in place, we shall examine the circuit court's decision to grant summary judgment in the instant proceeding.

## III.

### DISCUSSION

■ Initially, Story contends that the circuit court's summary judgment order failed to analyze the five factors this court set out in syllabus point 6 of *Mallet v. Pickens*, 206 W.Va. 145, 522 S.E.2d 436 (1999).[6] This contention is not well advanced. While some of the *Mallet* factors may have application in a premises liability action at the summary judgment stage, the *Mallet* factors were intended to be used by a jury when determining liability.

■ When granting summary judgment in the instant proceeding, the circuit court based its decision on the following two findings:

2. That Defendants had no reason to know nor should Defendants have known

that harm of the general nature of that suffered was likely to result.

3. That Plaintiffs have failed to show any evidence of negligence whatsoever on the part of Defendants.

These findings are insufficient under this Court's holding in *Lilly*. *Lilly* requires that a summary judgment order set out factual findings that are sufficient to permit meaningful appellate review. In addition to being inadequate under *Lilly*, we find the scant findings set forth by the circuit court are unsupported by the facts contained in the record. However, we need not remand this case for adequate *Lilly* findings. There is one salient fact in this case that is clearly disputed. Whether Twentieth Street knew or should have known that the glass storm door was in a defective condition that could cause injury was a material issue of fact that was hotly disputed.[7]

Story presented evidence to show that the hinges on the storm door were defective, so as to cause the door to remain slightly open. There was also evidence that a protective guard was removed from the storm door. Based upon this evidence, Story contended that the storm door was defective.[8] We interpret Story's contention to mean that if the storm door routinely locked itself when closed, then Thomas would not have pushed on the door with the belief that it was open.[9]

---

6. The five factors were set out in syllabus point 6 of *Mallet* as follows:

In determining whether a defendant in a premises liability case met his or her burden of reasonable care under the circumstances to all non-trespassing entrants, *the trier of fact must consider* (1) the foreseeability that an injury might occur; (2) the severity of injury; (3) the time, manner and circumstances under which the injured party entered the premises; (4) the normal or expected use made of the premises; and (5) the magnitude of the burden placed upon the defendant to guard against injury. (Emphasis added.)

7. Twentieth Street's brief contends that the circuit court found that no duty was owed to Thomas. However, in fairness to the Bank, we believe that this assertion was a passage mistakenly taken from its brief in the *original* petition for appeal in this case. The question of duty in this case was resolved by *Mallet* and the circuit court's order reflected this point. The order stated as its first finding: "That Defendants owed Plaintiff, as a non-trespassing entrant, a duty of reasonable care under the circumstances." *See* Syl. pt. 5, *Aikens v. Debow*, 208 W.Va. 486, 541

S.E.2d 576 (2000) ("The determination of whether a defendant in a particular case owes a duty to the plaintiff is not a factual question for the jury; rather the determination of whether a plaintiff is owed a duty of care by a defendant must be rendered by the court as a matter of law.").

8. Story also contends that the mere fact that the storm door contained "pane glass," as opposed to "safety glass," caused it to be defective. However, Story readily concedes that the record contained no evidence to show that the use of pane glass violated any applicable building safety code standard.

9. Twentieth Street has not directly contested the issue of whether the storm door was defective. Twentieth Street takes the position that "the injuries sustained by Thomas Wiles were not caused by the door being broken. Thomas Wiles' injuries occurred because he pushed his hand through the bottom of the storm door which was a plate glass window." In other words, Thomas should not have pushed on the storm door regardless of its condition. This defense, in and of itself, precluded summary judgment because it

In addition to this evidence, Story elicited deposition testimony from the representative of Twentieth Street, James Karnes, who was responsible for managing the house. Mr. Karnes had visited the house prior to it being rented. According to the deposition testimony of Mr. Karnes, Twentieth Street did nothing to determine the house's condition prior to renting it. Mr. Karnes also stated that: "[b]ased on my visits to the house, what condition it was in. It was fairly dilapidated."

Twentieth Street argues that there is no material issue in dispute as to whether it knew or should have known that the glass storm door was in a defective condition that could cause injury. Twentieth Street asserts that the only way it could have known that the storm door was defective was if the tenant, defendant Loretta Allen, had so advised. Twentieth Street states that Ms. Allen never advised any Bank personnel of a need to repair the storm door.

It is clear that Story has presented sufficient evidence as to what Twentieth Street knew or should have known, in order to make the issue disputable and therefore a jury question. Based upon the rental agreement, Twentieth Street had the responsibility for maintaining the house in a safe condition. Mr. Karnes admitted visiting the house and finding it in a dilapidated condition. Even so, Mr. Karnes admitted that Twentieth Street did nothing to determine what specific aspects of the house posed safety hazards that required repairs prior to its rental. This Court has previously noted that "in cases dealing with premises liability we have generally adhered to the principle that liability results either from control of the subject area or from a specific wrongful act." *Durm v. Heck's, Inc.*, 184 W.Va. 562, 565, 401 S.E.2d 908, 911 (1991) (citations omitted). We also made clear in syllabus point 4 of *Mallet*, in part, that "landowners or possessors now owe any non-trespassing entrant a duty of reasonable care under the circumstances."

 Finally, Twentieth Street contends that the accident occurred because Thomas

became angry with his brother and pushed through the storm door. This situation, according to Twentieth Street, was not foreseeable. Therefore Twentieth Street cannot be held liable. We are not persuaded by this argument. To make foreseeability a material issue in dispute, Story was not required to present evidence showing that it was reasonable to foresee a five year old boy becoming angry with his brother, running to the storm door and pushing on the glass. Our cases have never required such a fact specific showing to dispute foreseeability. This Court indicated in syllabus point 3 of *Sewell v. Gregory*, 179 W.Va. 585, 371 S.E.2d 82 (1988), that:

> The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised. The test is, would the ordinary man in the defendant's position, knowing what he knew or should have known, *anticipate that harm of the general nature of that suffered* was likely to result?

(Emphasis added.) At the summary judgment stage Story was only required to present sufficient evidence to suggest that circumstances existed which showed it was reasonable for Twentieth Street to have been aware of the need to repair the storm door. Story fulfilled his burden. Summary judgment was therefore improper.

## IV.

## CONCLUSION

Summary judgment was erroneously granted. This case is remanded to the circuit court for further proceedings consistent with this opinion.

Reversed and Remanded.

---

injects a material issue of fact regarding the

reasonably expected manner of opening the door.